IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00547-WYD-BNB

CHRISTOPHER MITCHELL, a/k/a ELI-JAH HAKEEM MUHAMMAD,

Plaintiff,

v.

R. WILEY, ADX - Warden,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the plaintiff's **Motion for Default Judgment** [Doc. #32, filed 11/1/06] and the plaintiff's **Petition for Writ of Execution** [Doc. #43, filed 3/26/07] (the "Motions").

On September 6, 2006, I granted the plaintiff's request for entry of default and directed the Clerk of the Court to enter the default of R. Wiley [Doc. #21]. The plaintiff now seeks entry of a default judgment against Wiley and "enforcement of the judgment . . . by authorizing the U.S. Marshals [sic] service to levy on the property belonging to the judgment debtor . . . ." *Petition for Writ of Execution*, p. 2.

By separate order, I have granted the defendant's request to set aside the entry of default. Accordingly,

I respectfully RECOMMEND that the Motions be DENIED AS MOOT.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file

specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 24, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge