IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00547-WYD-BNB

CHRISTOPHER MITCHELL, a/k/a ELI-JAH HAKEEM MUHAMMAD,

Plaintiff,

v.

R. WILEY, ADX - Warden,

Defendant.
_____

**ORDER**
_____

This matter is before me on **Defendant's Motion to Set Aside Entry of Default** [Doc. #23, filed 9/15/06] (the "Motion"). For the following reasons, the Motion is GRANTED.

On September 6, 2006, I granted the plaintiff's request for entry of default and directed the Clerk of the Court to enter the default of R. Wiley [Doc. #21]. Wiley now seeks to set aside the entry of default.

Wiley argues that he is not in default and, therefore, the entry of default should be set aside. However, the record clearly establishes that (1) a request for waiver of service of the summons and complaint was sent to Wiley on June 21, 2006, *Certificate of Mailing* [Doc. #11-1, filed 6/21/06]; (2) Wiley signed a Waiver of Service of Summons and Complaint on August 28, 2006, and filed it on September 5, 2006, *Waiver of Service of Summons and Complaint* [Doc. #19, filed 9/5/06]; and (3) the waiver specifically states that Wiley agrees "to waive being personally served with the summons and complaint in the above-captioned action as provided for in the Federal Rules of Civil Procedure." Id.

Wiley has expressly waived personal service as provided for in the Federal Rules of Civil Procedure. Therefore, Wiley was required to answer the plaintiff's Complaint within 60 days of June 21, 2006, the date on which the request for waiver was sent. Fed.R.Civ.P. 4(d)(3). The 60 day period expired on August 20, 2006. Because August 20, 2006, was a Sunday, Wiley's answer was due on or before Monday, August 21, 2006. Fed.R.Civ.P. 6(a). Wiley did not answer or otherwise responded to the Complaint on or before Monday, August 21, 2006. Consequently, he is in default.

Rule 55(c), Fed.R.Civ.P., provides that a court may set aside an entry of default "[f]or good cause shown." The principal factors in determining whether a defendant has met the good cause standard are: (1) whether the default is the result of culpable conduct of the defendant; (2) whether the plaintiff will be prejudiced if the entry of default is set aside; and (3) whether the defendant has presented facts which may establish a meritorious defense. Porter v. Brancato, 171 F.R.D. 303, 304 (D. Kan. 1997).

Wiley admits that the request for waiver of service was sent on June 21, 2006;[1] that he signed the waiver on August 28, 2006; and that the signed waiver was sent to the Court on September 5, 2006. I find that Wiley is solely responsible for the default.

Nevertheless, there is no evidence that the plaintiff will be prejudiced if the default is set aside. Wiley moved to set aside the default within a week of its entry. In addition, Wiley filed a motion to dismiss the Complaint on October 23, 2006, just two months after he was required to answer or otherwise respond to the Complaint. The motion to dismiss is fully briefed and ready

---

[1] The defendant states that the request for waiver was sent on June 21, 2003. Taken in the context of the defendant's argument, it is apparent that the defendant has inadvertently typed 2003 instead of 2006.

2

for disposition. Therefore, this case is still in its preliminary stages. Moreover, Wiley's motion to dismiss asserts numerous arguments which, if true, would constitute a meritorious defense.

Entry of default is a harsh sanction, contrary to the preferred policy of the resolution of disputes on the merits. Rupliger v. Rains, 946 F.2d 731, 732 (10th Cir. 1991). Consequently, a default normally is appropriate only where the adversary process has been halted because of an essentially unresponsive party. Id. That is not the case here. Accordingly,

IT IS ORDERED that the Motion is GRANTED, and the Clerk's Notice of Default is set aside.

Dated May 24, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge