IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00547-WYD-BNB

CHRISTOPHER MITCHELL, a/k/a ELI-JAH HAKEEM MUHAMMAD,

Plaintiff,

v.

R. WILEY, ADX - Warden,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendant's Motion to Dismiss** [Doc. #27, filed 10/23/06] (the "Motion"). For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the equal protection allegations in Claims Seven and Eight and DENIED in all other respects.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss like this one, brought under Rule 12(b)(6), Fed. R. Civ. P., the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue

is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

Rhodes, 416 U.S. at 236.

## II. BACKGROUND

The plaintiff filed his Prisoner Complaint (the "Complaint") on March 27, 2006. At all times pertinent to the allegations of the Complaint, the plaintiff was incarcerated by the Bureau of Prisons ("BOP") at the United States Penitentiary, Administrative Maximum ("ADX"), in Florence, Colorado.

The Complaint asserts eleven claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The claims may be summarized as follows:

1. Claim One alleges that the defendant banned delivery of a Muslim newspaper entitled The Final Call on the basis that the newspaper is inmate-to-inmate correspondence. The plaintiff alleges that all regulations and policies which allow the defendant to ban the newspaper as inmate-to-inmate correspondence violate the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Complaint*, pp. 4-5.

2

2. Claim Two alleges that the defendant banned delivery of The Final Call on the basis that the newspaper falls under the "publisher only" rules. The plaintiff alleges that all regulations and policies which allow the defendant to ban this "financial" newspaper under the "publisher only" rules violate the First Amendment, RLUIPA, the Equal Protection Clause, and the Establishment Clause. Id. at pp. 6-7.

3. Claim Three alleges that the defendant banned congregational prayer of two or more Muslim prisoners and that all regulations and policies upon which defendant relies to ban prayer violate the First Amendment and RLUIPA. Id. at pp. 8-9.

4. Claim Four alleges that all regulations and policies upon which defendant relies to deny delivery of Vibe, Cargo, and GQ magazines are unconstitutional. Id. at pp. 9-10.

5. Claim Five alleges that the delivery of prison legal news is being denied as inmate-to-inmate communication and that all regulations and policies upon which defendant relies to deny delivery of the news are unconstitutional. Id. at pp. 10-11.

6. Claims Six alleges that delivery of internet mail information is being denied and that all regulations and policies upon which defendant relies to deny the information violate the First Amendment. Id. at pp. 12-13.

7. Claim Seven alleges that the ADX prisoners housed in the E, F, and G units are being denied the kind of group recreation that is afforded in the less restrictive ADX programs and that all regulations and policies upon which defendant relies to deny group recreation are unconstitutional. Id. at pp. 13-14.

8. Claim Eight alleges that all outside group recreation for the most restricted ADX prisoners is being denied and that all regulations and policies upon which defendant relies to ban the recreation are unconstitutional. Id. at pp. 14-15.

9. Claim Nine alleges that inadequately-sized outside recreation cages are being constructed for the ADX general population yards, and that all regulations and policies upon which defendant relies to allow the construction violate the Eighth Amendment. Id. at pp. 15-16.

10. Claim Ten alleges that a book entitled Lucasville is being banned on the basis that it contains information which may jeopardize the security of ADX and that all regulations and policies upon which defendant relies to ban the book are unconstitutional. Id. at pp. 17-18.

11. Claim Eleven alleges that all regulations and policies upon which defendant relies to deny delivery of copies from non-vendor and non-publisher sources are unconstitutional. Id. at pp. 18-19.[1]

The plaintiff seeks declaratory and injunctive relief. Id. at pp. 1-19, 24. The defendant moves to dismiss the Complaint on numerous bases. I address the defendant's arguments in the order they are presented in the Motion.

### III.   ANALYSIS

#### A.   Claim One: Statute of Limitations

The defendant asserts that, "as evidenced by the administrative remedies attached to the plaintiff's complaint," Claim One is barred by the applicable statute of limitations. *Motion*, p. 2,

---

[1] To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

first full paragraph. The Complaint contains 93 pages of attachments. The defendant does not direct me with any specificity to the attachment or attachments I should review.

I decline to search the record, including the 93 pages of attachments, for documentation to support the defendant's argument. See Gross v. Burggraf Construction Co., 53 F.3d 1531, 1546 (10th Cir. 1995). It is the litigants' responsibility to provide the court with concise arguments, relevant facts, and specific citations to authorities and supporting evidence. Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000). I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of Claim One as barred by the statute of limitations.

### B. Claims One through Five: Lack of Personal Participation

The defendant argues that Claims One through Five should be dismissed because the administrative remedies attached to the plaintiff's Complaint demonstrate that the actions complained of occurred under Wardens Pugh and Hood, not Warden Wiley. As stated above, the defendant does provide specific citation to any of the 93 attachments to the Complaint, and I decline to search through the attachments to find support for the defendant's argument.

In addition, the defendant argues that Claims One through Five do not allege any personal involvement by Wiley. This argument is frivolous. To the contrary, each claim alleges Wiley's personal involvement in banning the delivery of publications or denying congregational prayer. *Complaint*, pp. 4-11. I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of Claims One through Five.

first full paragraph. The Complaint contains 93 pages of attachments. The defendant does not direct me with any specificity to the attachment or attachments I should review.

I decline to search the record, including the 93 pages of attachments, for documentation to support the defendant's argument. See Gross v. Burggraf Construction Co., 53 F.3d 1531, 1546 (10th Cir. 1995). It is the litigants' responsibility to provide the court with concise arguments, relevant facts, and specific citations to authorities and supporting evidence. Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000). I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of Claim One as barred by the statute of limitations.

### B. Claims One through Five: Lack of Personal Participation

The defendant argues that Claims One through Five should be dismissed because the administrative remedies attached to the plaintiff's Complaint demonstrate that the actions complained of occurred under Wardens Pugh and Hood, not Warden Wiley. As stated above, the defendant does provide specific citation to any of the 93 attachments to the Complaint, and I decline to search through the attachments to find support for the defendant's argument.

In addition, the defendant argues that Claims One through Five do not allege any personal involvement by Wiley. This argument is frivolous. To the contrary, each claim alleges Wiley's personal involvement in banning the delivery of publications or denying congregational prayer. *Complaint*, pp. 4-11. I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of Claims One through Five.

### C. Claim Six: Mootness

Claim Six alleges that delivery of internet mail information is being denied and that all regulations and policies upon which defendant relies to deny the information violate the First Amendment. *Complaint*, pp. 12-13. The defendant asserts that Claim Six is moot because "as of January 13, 2006, Warden Wiley implemented changes at ADX which now permit inmates to receive internet materials . . . ." *Motion*, p. 7. In support of this argument the defendant has attached Exhibit 1 to the motion to dismiss, which is a memorandum purportedly issued by Wiley on January 23, 2006. There is no affidavit authenticating the memorandum.

The defendant's argument again is frivolous. What could be more fundamental than the well-established rule that in analyzing a motion to dismiss under Rule 12(b)(6) the district court should not look beyond the confines of the complaint itself? See MacArthur v. San Juan County, 309 F.3d 1216, 1221 (10th Cir. 2002); Wright and Miller, Federal Practice and Procedure: Civil 3d § 1356 at pp.372-75.

Assuming the allegations of Claim Six to be true, as I must at this stage of the proceedings, it is conceivable that the plaintiff could prove facts entitling him to relief against the defendant on Claim Six. I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of Claim Six.

### D. Failure to Allege Constitutional Violations

#### 1. Claims One, Two, Three, Four, Five, Ten, and Eleven

Claims One, Two, Three, Four, Five, Ten, and Eleven allege the unconstitutionality of all regulations and policies that prohibit various types of media and congregational prayer.

In determining whether a prison regulation is unconstitutional, the court must consider the following factors: (1) "whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right would have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether ready alternatives exist. Turner v. Safley, 482 U.S. 78, 90 (1987) (internal quotations omitted).

The defendant acknowledges that "[r]egulations governing the receipt of incoming publications by inmates must be analyzed under a reasonableness standard and such regulations are valid if they are reasonably related to a legitimate penological interest." *Motion*, p. 7. The defendant then relies on numerous unsupported factual assertions, many of them conclusory, in an attempt to establish that the regulations and policies at issue in Claims One, Two, Three, Four, Five, Ten, and Eleven are reasonably related to a legitimate penological interest. Id. at pp. 7-11.

These arguments are not proper at this stage of the proceedings. In ruling on a motion to dismiss, I am merely determining whether the plaintiff has stated a claim upon which relief can be granted. Interpreting the Complaint's allegations liberally and assuming the allegations of the Complaint to be true, as I must, it is conceivable that the plaintiff could prove facts entitling him to relief against the defendant on Claims One, Two, Three, Four, Five, Ten, and Eleven. I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of these claims.

### 2. Claims Seven and Eight as Eighth Amendment Claims

The defendant acknowledges that Claims Seven and Eight challenge recreation procedures and appear to assert claims for violations of the Eighth Amendment. Id. at p.11. The defendant relies on factual arguments in support of its request that these claims should be dismissed. Id. at p.12.

I am enormously frustrated by the defendant's relentless disobedience here of the fundamental rule that a motion to dismiss under Rule 12(b)(6) is not the place to argue factual matters not alleged in the complaint. See Jackson v. Integra Inc., 952 F.2d 1260, 1261 (10th Cir. 1991)(holding that in ruling on a motion to dismiss under Rule 12(b)(6) "the district court must examine only the plaintiff's complaint" and "cannot review matters outside of the complaint"). The fact that the defendant's factual arguments are wholly unsupported by any evidence and are mere arguments of counsel would render them totally unavailing even were the motion to dismiss converted to a motion for summary judgment under Rule 56, which I decline to do.

I do not consider unsupported factual statements in a motion to dismiss. Assuming the allegations of Claims Seven and Eight to be true, it is conceivable that the plaintiff could prove a set of facts which would entitle him to relief against the defendant. I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of Claims Seven and Eight's allegations regarding the Eighth Amendment.

### 3. Claims Seven and Eight as Equal Protection Claims

The defendant also acknowledges that Claims Seven and Eight appear to assert claims for violations of the Equal Protection Clause. The defendant assets that the plaintiff has failed to allege an Equal Protection claim.

The Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend XIV, § 1. The equal protection guarantee applies to the federal government through the Due Process Clause of the Fifth Amendment. Adarand Constructors, Inc. v. Slater, 228 F.3d 1147, 1152 (10th Cir. 2000). Equal protection mandates that the government shall treat similarly situated persons alike. Id.

The Complaint does not allege any facts that would invoke the equal protection clause. To the contrary, the Complaint affirmatively alleges that recreation opportunities are unequal between persons who are *not* similarly situated: the prisoners in the ADX general population and the prisoners in the less restrictive part of the ADX. *Complaint*, pp. 13-14.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of Claims Seven and Eight's equal protection allegations for failure to state a claim upon which relief can be granted.

### 4.  Claim Nine

Claim Nine alleges that the BOP is constructing inadequately-sized outside recreation cages for the ADX general population yards, and that all regulations, policies, etc. upon which defendant relies to allow the construction are in violation of the Eighth Amendment. *Complaint*, pp. 15-16.

In an attempt to dismiss Claim Nine, the defendant states the following:

> Outdoor recreation areas have been constructed in the recreation yards in order to insure the safety and security of staff and inmates by greatly reducing the opportunity for inmates to harm one another. This purpose serves a legitimate penological interest and does not violate plaintiff's constitutional rights.

*Motion*, p. 13.

These factual arguments cannot be considered on a motion to dismiss. See Jackson, 952 F.2d at 1261. Assuming the allegations of Claim Nine to be true, it is conceivable that the plaintiff could prove a set of facts which would entitle him to relief against the defendant. I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of Claim Nine.

### E. Qualified Immunity

The defendant summarily asserts that he is entitled to qualified immunity as stating:

> Plaintiff has failed to set forth a Constitutional violation or that a Constitutional right was clearly established. Therefore defendant is entitled to qualified immunity.

*Motion*, p. 14.

The defendant does not provide a meaningful discussion of his entitlement to qualified immunity. Therefore, I decline to address it.

### IV. CONCLUSION

The bulk of the defendant's Motion contains incomplete arguments and arguments based on unsupported (and oftentimes conclusory) factual statements that are inappropriate for review on a motion to dismiss. In general, the Motion either is frivolous or it maddeningly ignores the standard which a district court must apply in reviewing a Rule 12(b)(6) motion to dismiss.

I respectfully RECOMMEND that Defendant's Motion to Dismiss be GRANTED insofar as it seeks dismissal of the equal protection allegations in Claims Seven and Eight.

I further RECOMMEND that the Motion be DENIED in all other respects.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 8, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge