IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00547-WYD-BNB

CHRISTOPHER MITCHELL, also known as C. Eli-Jah Hakeem Muhammad,

    Plaintiff(s),

v.

R. WILEY, ADX Warden,

    Defendant(s).

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

I.    INTRODUCTION

This matter is before the Court on the following motions: (1) Plaintiff's Motion for

Default Judgment [docket #32], filed on November 1, 2006; (2) Plaintiff's Petition for

Writ of Execution [docket #43], filed March 26, 2007; and (3) Defendant's Motion to

Dismiss [docket #27], filed October 23, 2006.  The matter was referred to Magistrate

Judge Boyd N. Boland for a recommendation by Order of Reference.  Magistrate Judge

Boland issued his Recommendations on both May 24, 2007 and July 17, 2006, which

are incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b),

D.C.COLO.LCivR. 72.1.  Magistrate Judge Boland recommends therein that both

Plaintiff's Motion for Default Judgment and Plaintiff's Petition for Writ of Execution be

DENIED AS MOOT.  Recommendation [docket #49] at 1.  Magistrate Judge Boland

also recommends that Defendant's Motion to Dismiss "be granted insofar as it seeks

dismissal of the equal protection allegations in Claims Seven and Eight and DENIED in all other respects." Recommendation [docket #55] at 1.

Magistrate Judge Boland advised the parties that they had ten (10) days to serve and file written, specific objections to the Recommendation. On August 13, 2007, after requesting several extensions of time, which were granted by me, Plaintiff filed a timely Objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Defendant did not file any objections nor a response to the Plaintiff's objections.

II.    BACKGROUND

Plaintiff's Complaint, filed on March 27, 2006, asserts eleven claims pursuant to *Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Specifically, Plaintiff claims the Defendant violated his Constitutional rights guaranteed under the First Amendment, the Equal Protection Clause, and the Establishment Clause. Magistrate Judge Boland summarized the claims as follows:

> 1. Claim One alleges that the defendant banned delivery of a Muslim newspaper entitled The Final Call on the basis that the newspaper is inmate-to-inmate correspondence. The plaintiff alleges that all regulations and policies which allow the defendant to ban the newspaper as inmate-to-inmate correspondence violate the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Compl. pp. 4-5.
>
> 2. Claim Two alleges that the defendant banned delivery of The Final Call on the basis that the newspaper falls under the "publisher only" rules. The plaintiff alleges that all regulations and policies which allow the defendant to ban

this "financial" newspaper under the "publisher only" rules violate the First Amendment, RLUIPA, the Equal Protection Clause, and the Establishment Clause. *Id.* at pp. 6-7.

3. Claim Three alleges that the defendant banned congregational prayer of two or more Muslim prisoners and that all regulations and policies upon which defendant relies to ban prayer violate the First Amendment and RLUIPA. *Id.* at pp. 8-9.

4. Claim Four alleges that all regulations and policies upon which defendant relies to deny delivery of Vibe, Cargo, and GQ magazines are unconstitutional. *Id.* at pp. 9-10.

5. Claim Five alleges that the delivery of prison legal news is being denied as inmate-to-inmate communication and that all regulations and policies upon which defendant relies to deny delivery of the news are unconstitutional. *Id.* at pp. 10-11.

6. Claims Six alleges that delivery of internet mail information is being denied and that all regulations and policies upon which defendant relies to deny the information violate the First Amendment. *Id.* at pp. 12-13.

7. Claim Seven alleges that the ADX prisoners housed in the E, F, and G units are being denied the kind of group recreation that is afforded in the less restrictive ADX programs and that all regulations and policies upon which defendant relies to deny group recreation are unconstitutional. *Id.* at pp. 13-14.

8. Claim Eight alleges that all outside group recreation for the most restricted ADX prisoners is being denied and that all regulations and policies upon which defendant relies to ban the recreation are unconstitutional. *Id.* at pp. 14-15.

9. Claim Nine alleges that inadequately-sized outside recreation cages are being constructed for the ADX general population yards, and that all regulations and policies upon which defendant relies to allow the construction violate the Eighth Amendment. *Id.* at pp. 15-16.

10. Claim Ten alleges that a book entitled Lucasville is
being banned on the basis that it contains information which
may jeopardize the security of ADX and that all regulations
and
policies upon which defendant relies to ban the book are
unconstitutional. *Id.* at pp. 17-18.

11. Claim Eleven alleges that all regulations and policies
upon which defendant relies to deny delivery of copies from
non-vendor and non-publisher sources are unconstitutional.
*Id.* at pp. 18-19.

Recommendation [docket #55] at 2-4.

III.   RECOMMENDATION

A.   Plaintiff's Motion for Default Judgment [docket #32] and Plaintiff's Petition
for Writ of Execution [docket #43]

As stated earlier, Magistrate Judge Boland recommends that Plaintiff's motions

should be denied as moot.  Recommendation [docket #49] at 1.  In his

Recommendation, Magistrate Judge Boland made the following findings:

On September 6, 2006, Magistrate Judge Boland granted Plaintiff's request for

entry of default and directed the Clerk of the Court to enter the default against the

Defendant.  *Id.*  In a separate Order [docket # 50], filed on May 24, 2007, Magistrate

Judge Boland granted the Defendant's Motion to Set Aside Entry of Judgment.

Magistrate Judge Boland stated that "Rule 55(c), Fed. R. Civ. P., provides that a court

may set aside an entry of default for good cause shown."  Order at 2.  "The principal

factors in determining whether a defendant has met the good cause standard are: (1)

whether the default is the result of culpable conduct of the defendant; (2) whether the

plaintiff will be prejudiced if the entry of default is set aside; and (3) whether the

defendant has presented facts which may establish a meritorious defense." *Id.* (quoting

*Porter v. Brancato*, 171 F.R.D. 303, 304 (D. Kan. 1997)).

Magistrate Judge Boland found that there was no evidence that the Plaintiff

would be prejudiced if the default judgment was set aside.  Further, Magistrate Judge

Boland found that since the Defendant filed a Motion to Dismiss the Complaint on

October 23, 2006, the case was still in its preliminary stages.  *Id.* at 2-3.  "Entry of

default is a harsh sanction, contrary to the preferred policy of the resolution of

disputes on the merits."  *Id.* at 3 (quoting *Rupliger v. Rains*, 946 F.2d 731, 732 (10th

Cir. 1991).  Consequently, Magistrate Judge Boland found that a default normally is

appropriate only where the adversary process has been halted because of an

essentially unresponsive party, and that is not the case here.  *Id.*  Therefore, Magistrate

Judge Boland set aside the Notice of Default.

Based on these findings, Magistrate Judge Boland recommended that since he

granted the Defendant's request to set aside the entry of default, Plaintiff's Motion for

Default Judgment [docket #32] and Plaintiff's Petition for Writ of Execution [docket #43]

should be denied as moot.

B.      Defendant's Motion to Dismiss [docket #27]

As stated earlier, Magistrate Judge Boland recommends that Defendant's motion

should be granted as to the dismissal of the equal protection allegations in Claims

Seven and Eight and denied in all other respects.  Recommendation [docket #55] at 1.

In his Recommendation, Magistrate Judge Boland made the following findings.

First, Magistrate Boland stated that "[i]n ruling on a motion to dismiss like this

one, brought under Rule 12(b)(6), Fed. R. Civ. P., the court must accept the Plaintiff's

well-pleaded allegations as true and must construe all reasonable inferences in favor of

the Plaintiff." *Id.* (quoting *City of Los Angeles v. Preferred Communications, Inc.*, 476

U.S. 488, 493 (1986); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976)).  With

respect to Claim One, the Defendant asserts that this claim is barred by the statute of

limitations as evidenced by the administrative remedies attached to the Complaint.

*Id.* at 4.  Magistrate Judge Boland stated that "[t]he Complaint contains 93 pages of

attachments.  The Defendant does not direct me with any specificity to the attachment

or attachments I should review." *Id.* at 5.  "I decline to search the record, including 93

pages of attachments, for documentation to support the Defendant's argument." *Id.*  "It

is the litigants' responsibility to provide the court with concise arguments, relevant

facts, and specific citations to authorities and supporting evidence." *Id.* (quoting *Toth v.*

*Gates Rubber Co.*, 2000 WL 796068, *8 (10th Cir. 2000).  Thus, Magistrate Judge

Boland recommended that Defendant's request to dismiss Claim One be denied.

Second, "the Defendant argues that Claims One through Five should be

dismissed because the administrative remedies attached to the Plaintiff's Complaint

demonstrate that the actions complained of occurred under Wardens Pugh and Hood,

not Warden Wiley." *Id.*  As Magistrate Judge Boland previously stated, he did not

"search through the attachments to find support for the Defendant's argument." *Id.*

Thus, Magistrate Judge Boland recommended that Defendant's request to dismiss

Claim One through Claim Five be denied.

Third, "the Defendant asserts that Claim Six is moot because as of January 13,

2006, Warden Wiley implemented changes at ADX which now permit inmates to

receive internet materials . . . ."  *Id.* at 6.  In his Recommendation, Magistrate Judge

Boland found that after assuming the allegations of Claim Six to be true, "it is

conceivable that the Plaintiff could prove facts entitling him to relief against the

Defendant on Claim Six."  *Id.*  Therefore, Magistrate Judge Boland recommended that

Defendant's request to dismiss Claim Six be denied.

Fourth, "Claims One, Two, Three, Four, Five, Ten, and Eleven allege the

unconstitutionality of all regulations and policies that prohibit various types of media

and congregational prayer."  *Id.*  In his Recommendation, Magistrate Judge Boland

considered the following factors in determining whether a prison regulation is

unconstitutional:

> (1) whether there is a valid, rational connection between the
> prison regulation and the legitimate governmental interest
> put forward to justify it; (2) whether there are alternative
> means of exercising the right that remain open to prison
> inmates; (3) the impact accommodation of the asserted
> constitutional right would have on guards and other inmates,
> and on the allocation of prison resources generally; and (4)
> whether ready alternatives exist.

*Id.* at 7 (quoting *Turner v. Safley*, 482 U.S. 78, 90 (1987).  Magistrate Judge Boland

noted that the Defendant "relies on numerous unsupported factual assertions, many of

them conclusory, in an attempt to establish that the regulations and policies at issue

. . . are reasonably related to a legitimate penological interest."  *Id.*  Magistrate Judge

Boland stated that this type of argument is not proper at this stage of the proceedings.

"In ruling on a motion to dismiss, I am merely determining whether the Plaintiff has

stated a claim upon which relief can be granted." *Id.*  Therefore, in his

Recommendation, Magistrate Judge Boland found that after assuming the allegations

of Claims One, Two, Three, Four, Five, Ten, and Eleven to be true, "it is conceivable

that the Plaintiff could prove facts entitling him to relief against the Defendant . . . ." *Id.*

Therefore, Magistrate Judge Boland recommended that Defendant's request to dismiss

these claims be denied.

Fifth, the Defendant relies on factual arguments in support of his request that

Claims Seven and Eight should be dismissed as Eighth Amendment Claims.

Magistrate Judge Boland stated that since he does "not consider unsupported factual

statements in a motion to dismiss" and "[a]ssuming the allegations of Claims Seven and

Eight to be true, it is conceivable that the Plaintiff could prove a set of facts entitling him

to relief against the Defendant." *Id.* at 8.  However, the Defendant also argues that

Claims Seven and Eight appear to assert claims for violations of the Equal Protection

Clause.  The Defendant asserts that the Plaintiff has failed to allege a proper Equal

Protection Claim.  In his Recommendation, Magistrate Judge Boland noted that the

Fourteenth Amendment provides that "[n]o State shall make or enforce any law which

shall . . . deny to any person within its jurisdiction the equal protection of the laws." *Id.*

at 9 (quoting U.S. Const. Amend XIV, § 1).  "The equal protection guarantee applies to

the federal government through the Due Process Clause of the Fifth Amendment.

Equal protection mandates that the government shall treat similarly situated persons

alike." *Id.* (quoting *Adarand Constructors, Inc.* v. Slater, 228 F.3d 1147, 1152 (10th Cir.

2000)).

Based on his review of Plaintiff's Complaint, Magistrate Judge Boland determined that the "Complaint does not allege any facts that would invoke the equal protection clause.  To the contrary, the Complaint affirmatively alleges that recreation opportunities are unequal between persons who are *not* similarly situated: the prisoners in the ADX general population and the prisoners in the less restrictive part of the ADX." *Id.*  Thus, Magistrate Judge Boland recommended that the Defendant's motion be granted insofar as it seeks dismissal of Claims Seven and Eight's equal protection allegations for failure to state a claim upon which relief can be granted.

Sixth, the Defendant attempts to dismiss Claim Nine by including factual arguments.  In his Recommendation, Magistrate Judge Boland stated that "[t[hese factual arguments cannot be considered on a motion to dismiss."  *Id.* at 10.  Magistrate Judge Boland found that after "[a]ssuming the allegations of Claim Nine to be true, it is conceivable that the Plaintiff could prove facts entitling him to relief against the Defendant." *Id.*  Therefore, Magistrate Judge Boland recommended that Defendant's request to dismiss Claim Nine be denied.

Finally, the Defendant "summarily asserts that he is entitled to qualified immunity." *Id.*  However, Magistrate Judge Boland found that "[t]he Defendant does not provide a meaningful discussion of his entitlement to qualified immunity." *Id.* Therefore, Magistrate Judge Boland declined to address this argument in his Recommendation.

Based on the above findings, Magistrate Judge Boland recommended that Defendant's Motion to Dismiss [docket #27] be granted insofar as it seeks dismissal of

the equal protection allegations in Claims Seven and Eight.  He further recommended

that the motion be denied in all other respects.

IV.     PLAINTIFF'S OBJECTIONS

On August 13, 2007, Plaintiff filed timely objections to Magistrate Judge Boland's

Recommendations.  As a preliminary matter, I point out that it was difficult to determine

what Plaintiff's specific objections to Magistrate Judge Boland's Recommendations

were.  Plaintiff's objections to the Recommendations were general objections in which

he asks me to grant his Motion for Default Judgment and deny Defendant's Motion to

Dismiss.  The remainder of Plaintiff's objections consist of Plaintiff reiterating the facts

and arguments from his Complaint.  This is not sufficient to constitute a viable

objection.  "[A] party's objections to the magistrate judge's report and recommendation

must be both timely and specific to preserve an issue for de novo review by the district

court."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Despite the general nature of Plaintiff's objections, I will address them to the extent to

which I can ascertain what is being objected to.

A.     Recommendation on Plaintiff's Motion for Default Judgment [docket #32]
       and Plaintiff's Petition for Writ of Execution [docket #43]

Plaintiff objects to the Recommendation to deny as moot both his Motion for

Default Judgment and his Petition for Writ of Execution.  Plaintiff's objection consists of

one sentence and a citation to Fed. R. Civ. P. 55(a) with no further explanation or

clarification.  According to Plaintiff, he is entitled to a default judgment against the

Defendant based on the Defendant's failure to respond to the Plaintiff's action.  I reject

this objection.  Magistrate Judge Boland's Recommendation on this issue is well

reasoned and is adopted.  Accordingly, this objection is overruled.

        B.        Recommendation on Defendant's Motion to Dismiss [docket #27]

Plaintiff objects to the Recommendation to dismiss Claim Eight insofar as it

alleges an equal protection violation.  Plaintiff argues that "banning all group recreation

in certain ADX-units but not in all other units, violates the equal protection clause of the

5th Amendment."  Objection at 4.  Plaintiff further states that his Complaint contains

allegations sufficient to constitute an equal protection challenge.  *Id.*  I disagree and

overrrule the objection.  I concur with Magistrate Judge Boland's determination that

Plaintiff's Complaint alleges that group recreation opportunities are not equal between

persons who are not similarly situated: the prisoners in the ADX general population and

the prisoners in the less restrictive part of the ADX.  Accordingly, I agree with

Magistrate Judge Boland's finding that Plaintiff's Complaint fails to state a claim for

equal protection upon which relief can be granted.  Recommendation at 9.

Accordingly, the Recommendations of Magistrate Judge Boland are affirmed and

adopted.

V.        CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Boland

[docket #49], filed May 24, 2007, is **AFFIRMED AND ADOPTED**.  It is

FURTHER ORDERED that the Recommendation of United States Magistrate

Judge Boland [docket #55], filed June 8, 2007, is **AFFIRMED AND ADOPTED**.  In

accordance therewith, it is

ORDERED that the Plaintiff's Motion for Default Judgment [docket #32], filed on

November 1, 2006 and Plaintiff's Petition for Writ of Execution [docket #43], filed March

26, 2007 are **DENIED AS MOOT**.  It is

FURTHER ORDERED that Defendant's Motion to Dismiss [docket #27], filed

October 23, 2006 is **GRANTED in part and DENIED in part.**  The motion is granted

insofar as the equal protection allegations in Claims Seven and Eight are **DISMISSED**,

and the motion is **DENIED** in all other respects.

Dated:  September 26, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge