IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00547-WYD-BNB

C. ELI-JAH HAKEEN MUHAMAD,
a/k/a CHRISTOPHER MITCHELL,

    Plaintiff,

v.

R. WILEY, ADX-WARDEN,

    Defendant.
_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

    Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, without payment of an initial partial filing fee. The Order states, in part, the following:

> However, although he need not pay an initial partial filing fee, Plaintiff remains obligated to pay the required $250.00 filing fee through monthly installments as directed in this Order. According, it is
>
> ORDERED that Plaintiff may proceed without payment of an initial filing fee. Plaintiff remains obligated to pay the full amount of the required $250.00 filing fee pursuant to § 1915 (b)(1) regardless of the outcome of this action. It is
>
> FURTHER ORDERED that, until the $250.00 filing fee is paid in full, Plaintiff shall make monthly payments to the Court of twenty percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this Order. In order to show cause, Plaintiff must file a current certified copy of his trust fund account statement. It is

> FURTHER ORDERED that if Plaintiff fails to have the appropriate
> monthly payment sent to the Clerk of the Court each month or to
> show cause each month as directed above why he has no assets and
> no means by which to make the monthly payment, the Complaint
> may be dismissed without prejudice and without further notice.

*Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial partial Filing Fee* [Doc. # 7, issued May 15, 2006], pp. 2-3.

In response to the Court's May 15th Order, the plaintiff submitted a certified inmate account statement which encompasses the time period from February 11, 2006, to April 10, 2006. *Declaration* [Doc. #6, filed May 12, 2006], pp 4-5. Plaintiff did not submit any certified inmate account statements for the period from April 10, 2006, through September 3, 2006.

Plaintiff's Thirteenth Declaration, filed May 3, 2007 (Doc. # 46) is a certified inmate statement printed on April 23, 2007, and encompasses the time period from September 3, 2006 to February 12, 2007. The certified inmate account statement reflects a payroll deposit of $6.72 on September 11, 2006, and a lockbox deposit of $25.00 on September 19, 2006, but Plaintiff made no payment towards his filing fee for the month of September 2006.

Plaintiff's Fifteenth Declaration, filed June 29, 2007 (Doc. # 66) is a certified inmate account statement printed on May 29, 2007, and encompasses the time period from October 23, 2006, to February 12, 2007. The certified inmate account statement reflects a lockbox deposit of $200.00 on January 20, 2007, but Plaintiff made no payment towards his filing fee for the month of January 2007.

Plaintiff's Sixteenth Declaration (Doc. # 72, filed August 8, 2007), and Seventeenth Declaration (Doc. # 77, filed August 21, 2007), both at Paragraph 2, refer to "Attachment A" as a "True and Accurate Verification of Plaintiff's Personal Inmate Account Statement." No

attachments were submitted with either Declaration, however.

Section 1915(b)(2), 28 U.S.C., requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00.  This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. Harris v. Colorado Dept. of Corrections, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. December 19, 2000).

Plaintiff has failed to make the required monthly payments based on the income received in September 2006 and in January 2007.  Plaintiff also has failed to show cause why he has no assets and no means by which to make the monthly payments for the months of May 2006 through August 2006 and February 2007 through September 2007.  Therefore, on or before **October 23, 2007**, the plaintiff must either make the required monthly payments or show cause why he cannot.

It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause.  Such a procedure unreasonably burdens the Court.  Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.  Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment.  See Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a

prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis* entered May 15, 2006.

IT IS ORDERED that on or before **October 23, 2007**, plaintiff shall make the required monthly payments for September 2006 and January 2007, or show cause why he cannot.

IT IS FURTHER ORDERED that on or before **October 23, 2007**, plaintiff shall make the required monthly payments for the months of May 2006 through August 2006 and February 2007 through September 2007, or show cause why he cannot.

IT IS FURTHER ORDERED that by the **15th day** of **each** month hereafter plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

Dated October 3, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge