IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00547-WYD-BNB

CHRISTOPHER MITCHELL, a/k/a ELI-JAH HAKEEM MUHAMMAD,

Plaintiff,

v.

R. WILEY, ADX - Warden,

Defendant.
_____

# ORDER
_____

This matter is before me on the following motions filed by the plaintiff (the "Motions"):

(1) **Motion to Disclose Expert Witnesses pursuant to Fed.R.Civ.P. 26(a)(2)** [Doc. #101, filed 1/23/08]; and

(2) **Motion for Extension of Time to File Dispositive Motion** [Doc. #110, filed 2/25/08].

On October 3, 2007, a Scheduling Order was entered in this case [Doc. #83]. The deadline for expert disclosures was November 1, 2007, and the dispositive motions deadline was February 11, 2008.

The plaintiff seeks to modify the Scheduling Order so that he may disclose expert witnesses. The deadline to disclose experts expired 83 days before the plaintiff filed his motion.[1]

---

[1]The deadline for expert disclosures expired 76 days before the plaintiff signed and dated his motion.

The plaintiff further seeks a thirty day extension of time to file a dispositive motion. The dispositive motion deadline expired 14 days before the plaintiff filed his motion.[2]

When an enlargement of time is sought after expiration of a specified deadline, the movant must show that "the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b). The plaintiff does not acknowledge that the deadlines have expired, nor does he establish excusable neglect. He states only that he does not know how to draft or file a dispositive motion--a circumstance that existed prior to the expiration of the dispositive motion deadline. Accordingly,

IT IS ORDERED that the Motions are DENIED.

Dated March 3, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[2] The dispositive deadline expired nine days before the plaintiff signed and dated his motion.