IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00547-WYD-BNB

CHRISTOPHER MITCHELL, a/k/a ELI-JAH HAKEEM MUHAMMAD,

Plaintiff,

v.

R. WILEY, ADX - Warden,

Defendant.
_____

**ORDER**
_____

This matter is before me on the following motions filed by the plaintiff on April 18, 2008 (the "Motions"):

1. **Motion to Stay of** [sic] **Proceeding Pursuant to Rule 62(a), Fed.R.Civ.P.** [Doc. #126], and

2. **Motion Requesting to Modify Scheduling Order** [Doc. #127].

The plaintiff requests a "stay of proceeding" pursuant to Rule 62(a) of the Federal Rules of Civil Procedure. Rule 62 addresses the stay of proceedings to enforce a judgment. Rule 62 is not applicable in this case. Nevertheless, liberally construing the motion, it is apparent that the plaintiff is seeking a stay of proceedings in this case. He provides the following bases for his request:

> The reasons for the request to temporary stay [sic] of proceeding, plaintiff filed a motion to modify the scheduling order due to "excusable neglect" and prejudice by the defense, and abuse of discretion and bias by the court subjecting him to heightened pleading standard as a pro se prisoner.

> Plaintiff acting [sic] in good faith seeking a stay due to serious
> extraordinary and unique circumstances cause [sic] by actual
> prejudice of being denied access to stored legal material necessary
> to properly prosecute certain pleadings in the Scheduling Order has
> been [sic] frustrated and impeded by the defendant to deny him
> access to the court, and the court [sic] arbitrary, capricious, and
> unfair decision-making of the plaintiff's motions and pleadings.

Motion to Stay of [sic] Proceeding Pursuant to Rule 62(a), Fed.R.Civ.P., ¶¶ 3-4.

Though long on conclusory allegations of wrong-doing by the defendants and this Court, the plaintiff's motion is utterly devoid of any facts which provide a basis to stay these proceedings. The plaintiff's request for a stay is denied.

The plaintiff also seeks to modify the Scheduling Order. He does not state which dates he seeks to modify, nor does he explain why any modification is necessary. Like his motion for a stay, the motion to modify contains conclusory accusations of wrong-doing but does not contain any specific facts to justify modification of the Scheduling Order.

The plaintiff attaches to his motion a two-paragraph declaration, wherein he states that "excusable neglect" may be found in the 87 pages of attached exhibits. The plaintiff does not provide any specific citations to the exhibits, nor does he explain how the exhibits demonstrate excusable neglect. It is not a judicial function to examine 87 pages of exhibits in search of support for the plaintiff's motion. See Gross v. Burggraf Construction Co., 53 F.3d 1531, 1546 (10th Cir. 1995). Rather, it is the litigants' responsibility to provide the court with concise arguments, relevant facts, and specific citations to authorities and supporting evidence. Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000).

IT IS ORDERED that the Motions are DENIED.

Dated April 28, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge