IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00547-WYD-BNB

CHRISTOPHER MITCHELL, a/k/a ELI-JAH HAKEEM MUHAMMAD,

Plaintiff,

v.

R. WILEY, ADX - Warden,

Defendant.

_____

**ORDER**
_____

This matter is before me on the plaintiff's **Declaration Under Penalty of Perjury** [Doc. #140, filed 7/2/08], which I construe as a request that I disqualify myself from further service in this case (the "Motion"). The Motion is DENIED.

The plaintiff requests that I disqualify myself because I have denied two of his motions without examining the exhibits he attached to the motions. The issue of recusal is addressed by two separate statutes. Disqualification of a judge under 28 U.S.C. § 144 requires the following showing:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.

The statute does not command automatic disqualification. Hall v. Burkett, 391 F. Supp. 237, 240 (D. Okla. 1975). Rather, it is the duty of the judge against whom the affidavit is filed to

pass on its timeliness and legal sufficiency. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978; Hall, 391 F. Supp. at 240.

A party may also seek the disqualification of a judge under 28 U.S.C. § 455. Section 455 provides in relevant part:

> (a) Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The decision to recuse is committed to the sound discretion of the district court. In exercising that discretion, the Tenth Circuit Court of Appeals has provided the following guidance:

> Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification. Under § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.

United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal citations omitted). Similarly, in United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993), the circuit court reiterated:

> Thus, in addition to other factors, this and other courts have identified various matters arising in cases where §§ 144, 455(a), or 455(b)(1), which will not ordinarily satisfy the requirements for disqualification . . .: (1) Rumor, speculation, beliefs, conclusions,

2

> innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law, or has expressed a dedication to upholding the law or a determination to impose severe punishment with the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the [parties], or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media . . .; and (7) threats or other attempts to intimidate the judge.

(Internal citations omitted.)

Especially applicable here is the holding of the United States Supreme Court in Liteky v. United States, 510 U.S. 540, 555-56 (1994):

> It is enough for present purposes to say the following: First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves, (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, these are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

In this case, the plaintiff alleges that I am biased against him because I denied two of his motions without examining the exhibits he attached to the motions. On April 28, 2008, I denied the plaintiff's request to modify the Scheduling Order [Doc. #131]. In denying his request, I stated:

> The plaintiff also seeks to modify the Scheduling Order. He does not state which dates he seeks to modify, nor does he explain why any modification is necessary. Like his motion for a stay, the

3

> motion to modify contains conclusory accusations of wrong-doing but does not contain any specific facts to justify modification of the Scheduling Order.
>
> The plaintiff attaches to his motion a two-paragraph declaration, wherein he states that "excusable neglect" may be found in the 87 pages of attached exhibits. The plaintiff does not provide any specific citations to the exhibits, nor does he explain how the exhibits demonstrate excusable neglect. It is not a judicial function to examine 87 pages of exhibits in search of support for the plaintiff's motion. See Gross v. Burggraf Construction Co., 53 F.3d 1531, 1546 (10th Cir. 1995). Rather, it is the litigants' responsibility to provide the court with concise arguments, relevant facts, and specific citations to authorities and supporting evidence. Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000).

On June 12, 2008, I denied the plaintiff's third motion for an extension of time to respond to the defendant's motion for summary judgment [Doc. #139]. In denying his motion, I stated:

> This is the plaintiff's third motion for an extension of time to respond to the defendant's motion for summary judgment. As the basis for his request, the plaintiff states that he is being "absolute [sic] deprived and denied certain stored legal material." *Motion*, p. 3. The plaintiff does not explain the nature of the material he is unable to access, nor does he explain its relevance to this case and to the defendant's summary judgment motion. Instead, the plaintiff states that good cause for an extension of time may be found in the 39 page attachment to the Motion. The attachment begins with a five page declaration wherein the plaintiff declares that each of the following 26 documents are true and correct copies of inmate requests to staff members. The plaintiff does not explain how the inmate requests are relevant to his request for an extension of time. Indeed, he does not address the inmate requests at all; he merely attaches them to his motion. As I have previously explained to the plaintiff, it is not a judicial function to examine numerous exhibits in search of support for his motions. *Order issued April 28, 2008* [Doc. #131]. Rather, it is the litigants' responsibility to provide the court with concise arguments, relevant facts, and specific citations to authorities and supporting evidence. Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000).

4

I am aware that the plaintiff is proceeding *pro se*, and that I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, even a *pro se* litigant must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Rule 7(b), Fed.R.Civ.P., provides that all motions must "state with particularity the grounds for seeking the order." Thus, when filing a motion, it is the plaintiff's responsibility to clearly and concisely set forth the reasons he believes that he is entitled to the relief he seeks. As noted in the quoted orders, it is not my responsibility to wade through numerous attachments to find support for a litigant's motion. Moreover, I cannot act as advocate for a *pro se* litigant. Hall, 935 F.2d at 1110.

I denied the plaintiff's motions based on the applicable law, and not on personal bias or prejudice. I hold no bias nor enmity against the plaintiff. Prior adverse rulings, without more, are not sufficient grounds to require disqualification based on claims of bias or partiality. Liteky, 510 U.S. at 555.

The plaintiff has not presented any facts from which a reasonable person could infer or conclude that I am biased or prejudiced against him. Under these circumstances, I am required to continue to serve pursuant to the Order of Reference entered by the district judge. Accordingly,

IT IS ORDERED that the plaintiff's Motion is DENIED.

Dated January 16, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

5