IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00547-WYD-BNB

CHRISTOPHER MITCHELL, a/k/a ELI-JAH HAKEEM MUHAMMAD,

Plaintiff,

v.

R. WILEY, ADX - Warden,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the plaintiff's **Application for Temporary Restraining Order** [Doc. #136, filed 5/22/08] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

### I. BACKGROUND

The plaintiff currently is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Prison, Administrative Maximum in Florence, Colorado ("ADX"). The plaintiff requests that the defendant and his agents be enjoined from discouraging or preventing the plaintiff from exercising his right to litigate cases in court and from enforcing policies which retaliate against him for exercising his right to access the courts. *Motion*, pp. 12-13.[1]

---

[1]The plaintiff does not consecutively paginate the Motion. Therefore, I cite to the page numbers of the Motion as they are designated by the Court's docketing system.

The plaintiff filed his Prisoner Complaint (the "Complaint") on March 27, 2006. The Complaint asserts eleven claims pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). I summarize the claims as follows:

1. Claim One alleges that the defendant banned delivery of a Muslim newspaper entitled The Final Call on the basis that the newspaper is inmate-to-inmate correspondence. The plaintiff alleges that all regulations and policies which allow the defendant to ban the newspaper as inmate-to-inmate correspondence violate the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Complaint*, pp. 4-5.[2]

2. Claim Two alleges that the defendant banned delivery of The Final Call on the basis that the newspaper falls under the "publisher only" rules. The plaintiff alleges that all regulations and policies which allow the defendant to ban this "financial" newspaper under the "publisher only" rules violate the First Amendment, RLUIPA, the Equal Protection Clause, and the Establishment Clause. <u>Id.</u> at pp. 6-7.

3. Claim Three alleges that the defendant banned congregational prayer of two or more Muslim prisoners and that all regulations and policies upon which defendant relies to ban prayer violate the First Amendment and RLUIPA. <u>Id.</u> at pp. 8-9.

4. Claim Four alleges that all regulations and policies upon which defendant relies to deny delivery of Vibe, Cargo, and GQ magazines are unconstitutional. <u>Id.</u> at pp. 9-10.

---

[2]As with his Motion, the plaintiff has not assigned numbers to the pages of his Complaint. Therefore, I cite to the page numbers assigned by the Court's docketing system.

5. Claim Five alleges that the delivery of prison legal news is being denied as inmate-to-inmate communication and that all regulations and policies upon which defendant relies to deny delivery of the news are unconstitutional. Id. at pp. 10-11.

6. Claims Six alleges that delivery of internet mail information is being denied and that all regulations and policies upon which defendant relies to deny the information violate the First Amendment. Id. at pp. 12-13.

7. Claim Seven alleges that the ADX prisoners housed in the E, F, and G units are being denied the kind of group recreation that is afforded in the less restrictive ADX programs and that all regulations and policies upon which defendant relies to deny group recreation are unconstitutional. Id. at pp. 13-14.

8. Claim Eight alleges that all outside group recreation for the most restricted ADX prisoners is being denied and that all regulations and policies upon which defendant relies to ban the recreation are unconstitutional. Id. at pp. 14-15.

9. Claim Nine alleges that inadequately-sized outside recreation cages are being constructed for the ADX general population yards, and that all regulations and policies upon which defendant relies to allow the construction violate the Eighth Amendment. Id. at pp. 15-16.

10. Claim Ten alleges that a book entitled Lucasville is being banned on the basis that it contains information which may jeopardize the security of ADX and that all regulations and policies upon which defendant relies to ban the book are unconstitutional. Id. at pp. 17-18.

11. Claim Eleven alleges that all regulations and policies upon which defendant relies to deny delivery of copies from non-vendor and non-publisher sources are unconstitutional. Id. at pp. 18-19.

## II. THE LAW

The plaintiff seeks a temporary restraining order pursuant to Fed. R. Civ. P. 65(b). Where, as here, the opposing party has notice, "the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." Emmis Communications Corp. v. Media Strategies, Inc., 2001 WL 111229, *2 (D.Colo. Jan. 23, 2001).

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and
(4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The plaintiff's right to relief must be clear and unequivocal. Penn, 528 F.2d at 1185.

## III. ANALYSIS

### A. Likelihood of Success on the Merits

The plaintiff bears the burden of establishing that he has a *substantial* likelihood of succeeding on the merits. To satisfy this burden, the plaintiff simply states that he "has a great likelihood of success on the merits." *Motion*, ¶ 9. The plaintiff does not address the merits of

4

his claims, nor does he provide any meaningful discussion of the likelihood of succeeding on the merits of his claims.

## B. Irreparable Injury

The Motion is confusing and disjointed. Under a section headed "The Plaintiff Is Threatened with Irreparable Harm", the plaintiff states that "Defendant Wiley has a custom or widespread practices [sic] subjecting any ADX prisoners who litigate and file grievances to unreasonable and retaliatory cell searches of their possessions, and arbitrary seizure of their personal belongings including active legal cases." Id. at ¶ 1. Under a different section, the plaintiff states that "there is a real likelihood . . . that his personal property will be confiscated or stolen during repeated, routine, and cell searches . . . done by ADX Counselor Madison, 4 times within a year . . . ." Id. at ¶ 13. He further states that "the retaliatory cell searches is [sic] expected to involve the taking of legal materials, the withholding and continued denial periodic or sporadic access." Id. at ¶ 14.

The plaintiff is seeking an injunction, in part, aimed at future behavior. Injunctions, however, are issued "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." Connecticut v. Massachusetts, 282 U.S. 660, 674 (1931).

The plaintiff also states that he "has standing to pursue any type of equitable relief regarding his denial of access to the court claim cause[d] by the intentional[] and selective[] theft of his legal materials that he has prepared for this current civil action, that consists of legal research materials, briefs, court orders, legal notes, files and other papers prepared to try to respond to defendant Wiley's amended Motion of Summary Judgment . . . ." Id. at ¶ 15.

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical. Irreparable harm is not harm that is merely serious or substantial. The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." Heideman v. S. Salt Lake City, 348 F.3d 1182, 1189 (10th Cir.2003). Insofar as the plaintiff is alleging irreparable harm caused by the actual confiscation of existing legal materials, he does not describe the materials in any detail, nor does he explain why the materials are relevant and necessary to respond to the defendant's summary judgment motion.[3]

I am aware that a presumption of irreparable injury exists where constitutional rights are infringed. Kikumura v. Hurley, 242 F.3d 950, 963 (10th Cir. 2001) (holding that a presumption of irreparable injury exists where plaintiff claimed that monetary relief would not properly redress the violation of his right to free exercise of religion caused by previous denials of pastoral visits). "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). See also Rankin, 483 U.S. at 383-84 (discharged employee may be entitled to reinstatement if discharged for exercise of constitutional right to freedom of expression). The plaintiff, however, has failed to establish a likelihood of success on his constitutional claims. As a result, he is not entitled to a presumption of irreparable injury.

---

[3]I note that the plaintiff is a very experienced litigant. The Court's docketing system shows that he has filed at least 23 actions in this Court. He has sought injunctive relief in almost half of them. In at least one of his cases (05-cv-01513-WYD-BNB), his request for injunctive relief was denied for failure to allege sufficient facts to demonstrate irreparable injury.

The plaintiff has not met his burden to establish a substantial likelihood of success on the merits; he is not entitled to a presumption of irreparable injury; and he has not established that he will suffer irreparable injury unless injunctive relief is granted. Therefore, I do not address the remaining requirements for injunctive relief.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 16, 2009.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge