IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00547-WYD-BNB

CHRISTOPHER MITCHELL, also known as C. Eli-Jah Hakeem Muhammad,

    Plaintiff,

v.

R. WILEY, ADX Warden,

    Defendant.

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

I.     <u>INTRODUCTION</u>

This matter is before the Court on Defendant's Motion for Summary Judgment, filed March 18, 2008 [#120], and Plaintiff's Application for Temporary Restraining Order, filed May 22, 2008 [#136]. Both motions were referred to Magistrate Judge Boland for recommendation by memoranda dated March 19, 2008 [#121] and May 22, 2008 [#137]. Magistrate Judge Boland issued separate Recommendations as to both motions on January 16, 2009 [#'s 142 & 143], which are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Boland recommends that Defendant's Motion for Summary Judgment be granted, and Plaintiff's Application for Temporary Restraining Order be denied. *See* Recommendation #143 at 23, and Recommendation #142 at 7.

On March 5, 2009, and March 6, 2009, Plaintiff filed timely Objections to the

Recommendations [#151 & #152], which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.     BACKGROUND:

Plaintiff filed his *pro se* Prisoner Complaint in this matter on March 27, 2006. At all times material to the allegations in the Complaint, the Plaintiff was incarcerated by the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado. The Complaint asserts eleven claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's first, second, fourth, fifth, sixth, tenth and eleventh claims are based on allegations that ADX officials have denied Plaintiff access to various publications including a Muslim newspaper entitled "The Final Call," Vibe, Cargo and GQ magazines, Prison Legal News, a book entitled *Lucasville,* internet mail, and other publications from non-vendor and non-publisher sources in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Plaintiff's third claim for relief is based on allegations that prison officials banned congregational prayer of two or more Muslim prisoners in violation of the First Amendment and RLUIPA. Finally, Plaintiff's seventh, eight and ninth claims for relief are based on allegations that certain units within ADX are denied group recreation and outside recreation, and that inadequately-sized outside recreation cages are being constructed for the ADX general population in violation of the Eight Amendment.

III. PLAINTIFF'S OBJECTIONS

    A. Application for Temporary Restraining Order:

I first address Plaintiff's Objections to Magistrate Judge Boland's Recommendation that his Application for Temporary Restraining Order be denied. *See* Recommendation [#142]. Plaintiff filed an Application for Temporary Restraining Order on May 22, 2008, over two years after commencing this civil action. In connection with his Application for Temporary Restraining Order, Plaintiff requests that Defendant be enjoined from discouraging or preventing him from exercising his right to litigate cases in court and from enforcing policies which he contends retaliate against him for exercising his right to access to the courts. Plaintiff alleges that Defendant routinely subjects prisoners who litigate to unreasonable and retaliatory cell searches resulting in arbitrary seizure of their personal belongings, including legal materials. Plaintiff also appears to allege that legal materials in connection with this current action have been confiscated, but he does not specify what those materials are.

Issuance of a temporary restraining order is subject to the court's discretion. *Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 883 (10th Cir. 1933). Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction. 11A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 2951 (2d ed. 1995). Application for a preliminary injunction requires:

> (1) the movant will suffer irreparable harm unless the injunction issues;
> (2) there is a substantial likelihood the movant ultimately will prevail on the merits;

> (3) the threatened injury to the movant outweighs any harm
> the proposed injunction may cause the opposing party; and
> (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). If an injunction would "alter the status quo," the above factors must "weigh heavily and compellingly" in the movant's favor. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991).

In the Recommendation, Magistrate Judge Boland notes that Plaintiff's request for TRO fails to address the likelihood of success on the merits of his claims, and does not established that he will suffer irreparable injury unless injunctive relief is granted. In addition, Magistrate Judge Boland notes that "[i]nsofar as the plaintiff is alleging irreparable harm caused by the actual confiscation of existing legal materials, he does describe the materials in any detail, nor does he explain why the materials are relevant and necessary to respond to defendant's summary judgment motion." Recommendation [#142] at 4-7.

Plaintiff's Objection states that he objects to the Recommendation on six, separate grounds. Objection [#152] at 3. First, Plaintiff contends that Magistrate Judge Boland incorrectly concluded that he failed to establish the four requirements for issuance of a preliminary injunction and TRO. Next, Plaintiff contends that Magistrate Judge Boland incorrectly concluded that the confiscation of his legal materials did not constitute extraordinary circumstances to justify his request for TRO. Third, Plaintiff asserts that Magistrate Judge Boland incorrectly concluded that Plaintiff had not been retaliated against for engaging in protected activity. Next, Plaintiff contends that Magistrate Judge Boland incorrectly concluded that Plaintiff was not deprived of legal

-4-

materials.  Fifth, Plaintiff contends that Magistrate Judge Boland incorrectly concluded that there was no unconstitutional denial of Plaintiff's right to access to the courts. Finally, Plaintiff contends that Magistrate Judge Boland incorrectly concluded that Plaintiff did not show actual prejudice.  Plaintiff states that he demonstrated actual prejudice by showing that his legal materials were confiscated and that his case file in this case was destroyed.  Objection [#152] at 4-5.

I have reviewed Plaintiff's Application for Temporary Restraining Order, and his Objections and I find that Plaintiff has failed to demonstrate he is entitled to injunctive relief.  Contrary to Plaintiff's assertion, he has failed to demonstrate that he is likely to succeed on the merits of the claims asserted in this action.  This case is based on Plaintiff's allegation that his constitutional rights were violated when he was deprived access to certain publications and outdoor recreation.  His application for TRO is based on allegations that his legal materials may be, or have been confiscated or destroyed. Plaintiff has not demonstrated in his Application for Temporary Restraining Order, or in his Objection that he is likely to succeed on the merits of the claims alleged in his Complaint.  Even assuming Plaintiff's legal materials have been confiscated or destroyed, Plaintiff does not explain what materials were confiscated or how he has suffered irreparable injury sufficient to justify injunctive relief.

In conclusion, I overrule Plantiff's Objections and adopt and approve Magistrate Judge Boland's Recommendation that Plaintiff's Application for Temporary Restraining Order be denied.

B.  Motion for Summary Judgment

I now turn to the specific objections Plaintiff has raised in connection with Magistrate Judge Boland's Recommendation that Defendant's Motion for Summary Judgment be granted and that judgment enter in favor of Defendant on all of Plaintiff's claims.  *See* Recommendation [#143].

I note that summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

I first address Plaintiff's contention, made numerous times throughout his Objection, that Magistrate Judge Boland abused his discretion in recommending that Defendant's Motion for Summary Judgment be granted without first providing particularized instruction to Plaintiff at the summary judgment stage that informed him of what 'summary judgment' is, and his responsibilities in crafting a response.  Plaintiff appears to assert that Magistrate Judge Boland was required to provide him "notice of requirements of summary judgment rules."  Plaintiff asserts that providing "instructions" will allow *pro se* litigants equal access to justice and ensure that they are not held to the same standard as attorneys.  Objection [#151] at 1-4, 8, 9, & 19.

Because Plaintiff is proceeding pro se, "his pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  At the same time, it is not "the proper function of the district court to assume the role of advocate for the pro se

litigant." *Id.* In addition, Plaintiff's *pro se* status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995). There is no requirement that the district court provide Plaintiff with special instructions, Plaintiff has not provided any authority to suggest otherwise, and I find no reason to reject Magistrate Judge Boland's Recommendation on this basis.

Next, Plaintiff asserts Magistrate Judge Boland erred by failing to grant his third request for extension of time to respond to Defendant's Motion for Summary Judgment. Objection [#151] at 4-6. On March 18, 2008, Defendant moved for summary judgment as to all of Plaintiff's claims. On April 18, 2008, Plaintiff requested an extension of time to respond to the Motion for Summary Judgment until May 8, 2008, which Magistrate Judge Boland granted on April 24, 2008 [#130]. On May 7, 2008, Plaintiff filed a second motion for extension of time to file his response until June 3, 2008, which was granted by Magistrate Judge Boland on May 8, 2008 [#135]. Plaintiff then filed a third motion for extension of time on June 5, 2008, claiming that his failure to respond was due to Defendant's refusal to allow him access to certain legal materials. Magistrate Judge Boland denied this third request for extension in an order dated June 12, 2008. In the order, Magistrate Judge Boland noted that in connection with his third request for extension of time, Plaintiff failed to explain the nature of the materials he is unable to access, and attached 26 documents he declares to be "true and correct copies of inmate requests to staff members" without explaining how these documents are relevant

to his request for extension. Following denial of his third motion for extension of time, Plaintiff sought no further extensions, did not attempt to provide the Court with a description of the materials he is unable to access, and did not file a Response. In preparing a Recommendation on the Motion for Summary Judgment, Magistrate Judge Boland considered the fact statements attached to Defendant's Motion for Summary Judgment, to the extent that those statements were supported by evidence. Recommendation [#143] at 3.

Upon review of the record, I cannot conclude that Magistrate Judge Boland abused his discretion in refusing to grant Plaintiff's third request for extension of time. Magistrate Judge Boland had granted two previous requests for extension. In addition, I agree with Magistrate Judge Boland that Plaintiff's third request for extension failed to explain what materials he was unable to access and how access to those materials would enable him to complete his response to the Motion for Summary Judgment. I find no reason to reject Magistrate Judge Boland's Recommendation on this basis.

Next, Plaintiff contends that Magistrate Judge Boland applied the erroneous statue of limitations. Objection [#151] at 6. In the Recommendation, Magistrate Judge Boland found that to the extent Plaintiff's first claim for relief contained allegations of rejection of the publication "The Final Call" occurring prior to March 2004, that claim was barred by the statute of limitations. Magistrate Judge Boland correctly concluded that the applicable statue of limitations was Colorado's two-year statute of limitations applicable to general personal injury claims pursuant to C.R.S. § 13-80-102. Plaintiff's first claim for relief challenges his denial of The Final Call pursuant to Defendant's policy

banning inmate-to-inmate correspondence. Plaintiff does not dispute that The Final Call was denied pursuant to this policy from March 1, 2001 to August 23, 2002. Therefore, Magistrate Judge Boland correctly concluded that the statute of limitations with respect to these claims expired no later than August 23, 2004. Plaintiff's Complaint was filed on March 27, 2006. Therefore, Magistrate Judge Boland correctly recommended that Defendant's Motion for Summary Judgment be granted on Plaintiff's first claim for relief under *Bivins* which involve rejection of The Final Call occurring prior to March 2004. Recommendation [#143] at 8-9.

Plaintiff next objects to Magistrate Judge Boland's recommendation that Defendant is entitled to qualified immunity on all of Plaintiff's claims. Objection [#151] at 7-20.

In the Recommendation, Magistrate Judge Boland correctly noted that when a defendant raises the defense of qualified immunity, the plaintiff must demonstrate that defendant's actions violated a clearly established constitutional or statutory right. *See Ahmad v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006); *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000). Recommendation [#143] at 10-11.

Plaintiff's first, second, and third claims for relief assert violations of the Free Exercise Clause of the First Amendment and violation of RLUIPA based on Defendant's policy to restrict inmate access to publications that come directly from the publisher or approved vendors, as well as policies that restrict inmate access to publications considered inmate-to-inmate correspondence, and Defendant's alleged ban on congregational prayer of two or more Muslim prisoners. In order to establish a

constitutional violation of his right to free exercise of religion, a prisoner plaintiff must demonstrate that the challenged practice substantially burdened his sincerely held religious beliefs. *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). If a plaintiff demonstrates a substantial burden, the burden shifts to the prison to identify a legitimate penological interest justifying the practice. *Boles*, 486 F.3d at 1182. If defendant satisfies this burden, the burden returns to plaintiff to show that the prison's interests were irrational. In evaluating the prison's interests, the court considers (1) the existence of a rational connection between the restriction and the legitimate penological interest advanced as its justification; (2) the presence of alternatives for the inmate to exercise the right; (3) the effect that elimination of the restriction would have on guards, other prisoners, and prison resources; and (4) the existence of alternatives for prison officials without restricting inmates' rights to religious expression. *Id.* at 1181 (citing *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Recommendation [#143] at 12-13. Similarly, RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the government demonstrates that the burden is "in furtherance of a compelling governmental interest" and is "the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2-000cc-1(a). Recommendation [#143] at 15.

Plaintiff's fourth, fifth, tenth and eleventh claims assert violation of the Free Exercise Clause of the First Amendment based on allegations that Defendant denied Plaintiff access to Vibe, Cargo and GQ magazines and Prison Legal News, a book entitled *Lucasville,* and denied him publications from non-vendor and non-publisher

sources. An inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the correctional system. See *Turner*, 482 U.S. at 89; Recommendation [#143] at 17-20.

In granting summary judgment as to these claims, Magistrate Judge Boland found that in connection with Defendant's Motion for Summary Judgment, ADX Case Manager Coordinator, Todd Javernick identified various penological interests related to the prison's policy to restrict inmate access to publications that come directly from the publisher or approved vendors, as well as policies that restrict inmate access to publications considered inmate-to-inmate correspondence. Recommendation [#143] at 13-14. The interests identified by Mr. Javernick included the reduction of contraband and prevention of inmate communication to convey escape plans, arranged hits, and other gang activity, and security. Magistrate Judge Boland concluded that Plaintiff failed to explain why these interests are irrational, or demonstrate the existence of an obvious, easy alternative to the polices. Recommendation [#143] at 15, 19-20, 23. Magistrate Judge Boland further noted that Plaintiff failed to demonstrate how the challenged policies substantially burdened his exercise of religion, or that the prison's asserted legitimate interests are irrational. Recommendation [#143] at 15, 17.

I cannot speculate as to whether Plaintiff would have been able to meet this burden if he had responded to the Motion for Summary Judgment. However, in his Objection to dismissal of claims one, two, three, four, five, ten and eleven, Plaintiff makes only broad, conclusory statements that Defendant's policies "are not reasonably related to a legitimate penological interest or maintaining prison security," that "genuine

issues of material fact" exist as to whether Defendant exercised unconstitutional censorship when he refused to allow him access to various written materials, that "Plaintiff did, in fact, establish that his right to exercise his Islamic faith was substantially burdened," and that "all 4 *Turner* factors favor him."  Objection [#151] at 8-15.  Plaintiff fails, however, to explain why the Defendant's policies are unrelated to legitimate penological interest, nor does he highlight what facts remain in dispute.  Plaintiff's Objection is wholly conclusory and provides no cogent argument for why I should reject the Magistrate Judge's findings and conclusions.  I agree with Magistrate Judge Boland that Plaintiff failed to satisfy his burden with respect to his first, second, third, fourth, fifth, tenth and eleventh claims, and that these claims must be dismissed.

With respect to Plaintiff's sixth claim for relief based on Defendant's denial of internet mail, Magistrate Judge Boland found that this claim was moot because ADX has changed its policy to allow inmates to receive incoming internet materials.  Recommendation [#143] at 20.  Plaintiff objects to dismissal of this claim and contends that the claim is not moot because Defendant only changed their policy after Plaintiff commenced this lawsuit.  Objection [#151] at 16.  Plaintiff is incorrect as a matter of law.  As Magistrate Judge Boland notes in the Recommendation "[i]f an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed."  *Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997); Recommendation [#143] at 21.

Finally, I address Plaintiff's Objection with respect to Magistrate Judge Boland's recommendation that his seventh, eight and ninth claims be dismissed.

Recommendation [#143] at 21-22. These claims relate to Plaintiff's allegations that he is being denied outside group recreation and that the outside recreation cages being constructed for ADX general population yards violated his rights under the Eight Amendment. Magistrate Judge Boland found that Plaintiff failed to show violation of a clearly established Eight Amendment right in connection with these claims, and that Plaintiff's claim relating to denial of outdoor recreation is moot because Plaintiff admits he is allowed outdoor recreation. Recommendation [#143] at 22.

In his Objection, Plaintiff contends that a lack of outdoor exercise constitutes cruel and unusual punishment, and that he has suffered stress, depression, anxiety, and asthma episodes, and that material issues of fact preclude entry of summary judgment. Objection [#151] at 16-19. I find that, even accepting Plaintiff's allegations as true, Plaintiff has failed to allege misconduct sufficiently serious to constitute cruel and unusual punishment under the Eight Amendment. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). First, Plaintiff does not dispute that he was only denied outdoor exercise while the outdoor recreation cages were being constructed. Second, Plaintiff does not dispute that he was allowed indoor recreation. Nor has Plaintiff demonstrated prison officials were deliberately indifferent to conditions of his incarceration that posed a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. at 834.

IV. CONCLUSION:

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation as to Plaintiff's Application for Temporary Restraining Order dated January 16, 2009 [#142] is **AFFIRMED AND ADOPTED**. In

accordance therewith, it is

FURTHER ORDERED that Plaintiff's Application for Temporary Restraining Order, filed May 22, 2008 [#136] is **DENIED**. It is

FURTHER ORDERED that the Recommendation as to Defendant's Motion for Summary Judgment dated January 16, 2009 [#143] is **AFFIRMED AND ADOPTED**. In accordance therewith it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment, dated March 18, 2008 [#120] is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

Dated: March 31, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge